81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Duane BURTON, Defendant-Appellant.
 No. 95-1371.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1996.
 
 Before: ENGEL, BROWN and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Terry Burton appeals his sentence from a conviction for a felony with knowing possession of firearms, in violation of 18 U.S.C. § 922(g). He was sentenced under a Sentencing Guidelines range of forty-one months to fifty-one months, and the district court judge set the sentence at forty-eight months with three years of supervised release. This Guidelines range was based on a criminal history score of seven points. Burton argues on appeal that he should have had only six criminal history points, which would have resulted in a Guidelines range of thirty-three to forty-one months.
 
 
 2
 This appeal turns on the treatment of a 1987 conviction for the misdemeanor of driving with a suspended license for the second time. In 1988, Burton was sentenced on the conviction for this misdemeanor to six months' imprisonment. He was given twelve days of credit for the time he had spent in detention before posting bond. His sentence was therefore one hundred sixty-eight days. Burton argues that the one hundred sixty-eight days of his sentence were suspended and that therefore only the twelve days should be counted for his criminal history. Under this view, the misdemeanor charge would not count for any criminal history points under the Guidelines. U.S.S.G. § 4A1.1(c). The United States counters that under the Sentencing Guidelines, the length of a sentence for the purpose of criminal history calculation is based on the sentence pronounced, not on the length of time actually served.
 
 
 3
 Upon consideration, the court is of the opinion that the district judge did not err in his construction of the Guidelines. Enhancement of Burton's sentence by one point due to his prior criminal conviction was proper. The government has offered this court documentary evidence that Burton did in fact serve the misdemeanor sentence concurrently with a felony sentence. Had this same evidence been before the district judge, Burton would likely have received two criminal history points. U.S.S.G. § 4A1.1(b). Under the Sentencing Guidelines the length of the sentence for purposes of criminal history calculation is based upon the sentence pronounced and not the length of time actually served. U.S.S.G. § 4A1.2, application note 2. That a portion of that sentence may have been served concurrently with other sentences or that the defendant may have been released earlier than the full term of the sentence does not affect the impact of the original sentence.
 
 
 4
 For the reasons stated, the judgment of the district court is AFFIRMED.